# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51503
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAURO DE JESUS BUSTAMANTE-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1214-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lauro de Jesus Bustamante-Rodriguez was convicted, following a stipulated bench trial, of illegal re-entry into the United States from Mexico in violation of 8 U.S.C. § 1326. Bustamante-Rodriguez appeals the district court's denial of his motion to suppress, arguing that Agent Marrufo did not have reasonable suspicion to stop the taxi in which Bustamante-Rodriguez was riding.

"In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error, and its legal conclusions, including whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was reasonable suspicion for a stop, are reviewed de novo." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. Id. The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party. Id.

The Fourth Amendment permits a Border Patrol agent conducting a roving patrol to stop a vehicle for purposes of a temporary investigation "if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." United States v. Arvizu, 534 U.S. 266, 273 (2002)(internal quotation marks and citations omitted). This court has set forth factors that may be considered in the "fact-intensive" reasonable suspicion analysis, which analysis "weigh[s] not the individual layers, but the laminated total" of all circumstances. Jacquinot 258 F.3d at 427. These factors include:

> (1) proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) agent's previous experience in detecting illegal activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking in aliens or narcotics in the area; and (8) the number, appearance, and behavior of the passengers.

Id.

The stop occurred less than one-half mile from the border, in a neighborhood where illegal aliens commonly hide. Agent Marrufo had been informed that illegal aliens were in the area. Taxis are not common in the area at night, and, in the year prior to the suppression hearing, Agent Marrufo had stopped at least ten taxis containing illegal aliens. Agent Marrufo also observed individuals run to the taxi as soon as it stopped, and one of them looked at Agent Marrufo's vehicle through the taxi's rear window. While Agent Marrufo was looking for five suspected aliens, and only saw two get into the taxi, he testified that aliens often split up soon after they cross the border. Bustamante-

Rodriguez's contention that too much time had elapsed between the reported border crossing and the stop is unsupported by the record. The totality of the circumstances show that Agent Marrufo had a reasonable suspicion of criminal activity sufficient to stop the taxi. See id. at 430.

Bustamante-Rodriguez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 41-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326 (b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Bustamante-Rodriguez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Bustamante-Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres, but he raises it here to preserve it for further review.

AFFIRMED.